UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JESUS P., | Case No. 26-CV-0261 (PJS/EMB) |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

---

Kira Aakre Kelley, CLIMATE DEFENSE PROJECT, for petitioner.

Friedrich A. P. Siekert and Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Jesus P.'s petition for a writ of habeas corpus.[1] Jesus, a citizen of Venezuela, was paroled into the United States after inspection on July 7, 2022. Campbell Decl. ¶ 5; V. Pet. ¶ 12. In August 2023, Jesus was granted Temporary Protected Status, and he filed a defensive asylum application in March 2024. V. Pet. ¶¶ 13–14. Although Jesus's asylum application remains pending,

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

Immigration and Customs Enforcement ("ICE") arrested Jesus on January 13, 2026, without a warrant while he was delivering food for Doordash.  V. Pet. ¶¶ 14, 16.

Respondents take the position that Jesus is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) "by virtue of his asylum application."  ECF No. 11 at 8.  This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who have been residing in the United States unlawfully.  *See id.*; *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229  (BIA 2025).

Following his arrest, Jesus filed this habeas action.  This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States unlawfully.  This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

While Respondents' argument to the contrary has some force, the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Jesus, who entered without inspection and are already present and living in the United

States.[2]  The Court therefore holds that Jesus is not subject to mandatory detention under § 1225(b)(2).

As to remedy:  The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25 CV 4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)).  Jesus alleged in his petition that his arrest was warrantless, *e.g.*, V. Pet. ¶ 16, and respondents have not argued otherwise or presented evidence to the contrary.  *See generally* ECF No. 11.  The Court will therefore grant Jesus's petition and order his immediate release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must release petitioner from custody immediately.

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.  *See* ECF No. 11 at 3–4.

4. The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 26, 2026　　　　　　　　　　　<u>/s/ Patrick J. Schiltz</u>
　　　　　　　　　　　　　　　　　　　　　　　Patrick J. Schiltz, Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court